## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| James E. Evans | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 2:07-cv-1118-WKW |
| | * | |
| City of Millbrook | * | |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW the Defendant, City of Millbrook, Alabama, by and through counsel, and states the following as its answer to Plaintiff's complaint:

1. This Defendant acknowledges that Plaintiff is suing pursuant to the Age Discrimination Employment Act 1967 and Alabama Code §25-1-20 et seq. This Defendant admits that the issues presented in Plaintiff's complaint are issues invoking federal jurisdiction. This Defendant denies any and all liability alleged in paragraph 1 of Plaintiff's complaint.[1]

3. Admit.

4. Admit.

5. This Defendant admits that the City of Millbrook is located in the Northern Division of the Middle District of the United States District Court for Alabama. This Defendant denies the remainder of paragraph 5 of Plaintiff's complaint and demands strict proof thereof.

6. This Defendant denies paragraph 6 of Plaintiff's complaint and demands strict proof thereof.

---

[1] This Defendant's copy of the complaint filed in the United States District Court did not contain a paragraph numbered 2.

7. This Defendant denies paragraph 7 of Plaintiff's complaint and demands strict proof thereof.

8. This Defendant denies paragraph 8 of Plaintiff's complaint and demands strict proof thereof.

9. This Defendant admits that on or about January 17, 2006 Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission. This Defendant denies any and all liability that may be alleged in paragraph 9 of Plaintiff's complaint.

10. This Defendant admits that Plaintiff received what is labeled as Plaintiff's Exhibit B from the EEOC. This Defendant does not waive any argument that United States District Court for the Middle District of Alabama lacks jurisdiction over this matter. This Defendant is uncertain of whether the EEOC followed procedure when it found "reasonable cause" to believe that a violation of the statute occurred and the conciliation process failed. It is this Defendant's belief that when the EEOC finds "reasonable cause" and the conciliation process fails, the matter shall be referred to the Attorney General of the United States. See 29 C.F.R. §1601.29. This Defendant is unaware of whether this matter was referred to the Attorney General's office. This Defendant denies any and all liability alleged in paragraph 10 of Plaintiff's complaint and denies that Plaintiff is entitled to institute a civil action in federal district court.

11. This Defendant denies paragraph 12 of Plaintiff's complaint based on the aforementioned paragraph.

12. Admit.

13. Admit.

14. This Defendant denies that Patrick Johnson was "promoted" to the position of Assistant Police Chief. This Defendant states that Patrick Johnson was appointed by vote of the City Council. This Defendant denies any and all liability alleged in paragraph 14 of Plaintiff's

complaint.

15. This Defendant admits paragraph 15 of Plaintiff's complaint. This Defendant denies any relevance to the present lawsuit or liability alleged in paragraph 15 of Plaintiff's complaint.

16. This Defendant denies paragraph 16 of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant denies paragraph 17 of Plaintiff's complaint and demands strict proof thereof.

18. This Defendant denies paragraph 18 of Plaintiff's complaint and demands strict proof thereof.

19. No answer is required of this Defendant as to paragraph 19 of Plaintiff's complaint.

20. This Defendant admits that Plaintiff is suing under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and Alabama Code § 25-1-20 et seq. This Defendant states that Plaintiff must make an election of remedies and cannot recover under both statutes. Further, this Defendant affirmatively pleads that Plaintiff's state law claim pursuant to Alabama Code §25-1-20 et seq., fails as a matter of law as Plaintiff did not file a notice of claim as required by Alabama Code §11-47-23 and Alabama Code §11-47-192.

21. Admit.

22. This Defendant admits Plaintiff was possibly qualified for the position of Assistant Police Chief. However, the individual appointed to the position was more qualified than Plaintiff regarding all aspects of the position of Assistant Police Chief. This Defendant denies any liability alleged in paragraph 22 of Plaintiff's complaint.

23. This Defendant denies paragraph 23 of Plaintiff's complaint and demands strict proof

thereof. Plaintiff was not denied the position, as no council member made a motion to nominate Plaintiff Assistant Police Chief.

24. This Defendant denies paragraph 24 of Plaintiff's complaint and demands strict proof thereof.

25. This Defendant denies paragraph 25 of Plaintiff's complaint and demands strict proof thereof.

26. This Defendant denies paragraph 26 of Plaintiff's and the "wherefore" paragraph set forth following paragraph 26. Specifically, this Defendant denies that Plaintiff is entitled to declaratory or injunctive relief, award of lost employment benefits and wages, back pay, front pay, liquidated damages, costs, and attorney's fees.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads that an employment decision was not made on the basis of age. Further, this Defendant affirmatively pleads that the City Council's First Amendment right to place P.K. Johnson in the position of Assistant Police Chief did not discriminate against Plaintiff.

2. This Defendant affirmatively pleads that the City Council's First Amendment right of voting overrides any claim of discrimination by Plaintiff.

3. This Defendant affirmatively pleads that its actions were not the proximate cause of Plaintiff's alleged damages.

4. This Defendant affirmatively pleads that an "employment act" did not occur. This Defendant affirmatively pleads that P.K. Johnson was appointed by the City Council to an administrative position. See City of Millbrook Code, §2-162.

5. This Defendant affirmatively pleads that any damages awarded in this case are limited by

statute.

6. This Defendant affirmatively pleads that Plaintiff's state law claim is barred as Plaintiff did not comply with the statutory requirements to maintain a state law claim.

7. This Defendant affirmatively pleads that Plaintiff may not recover under the Federal Age Discrimination in Employment Act and the State Age Discrimination in Employment Act. Plaintiff must make an election of remedy. See Alabama Code §25-1-29.

8. This Defendant affirmatively pleads that Plaintiff's claim fails because there was not a "employment" act by the City of Millbrook. Plaintiff's comparator, P.K. Johnson, was appointed to the position.

9. This Defendant affirmatively pleads immunity.

10. This Defendant affirmatively pleads absolute legislative immunity.

11. This Defendant affirmatively pleads that its Council Members were properly exercising their rights pursuant to the First Amendment of the United States Constitution.

12. This Defendant affirmatively pleads that Plaintiff was not denied the position because no council member made a motion to nominate Plaintiff for the position of Assistant Police Chief.

                                                              s/ Rick A. Howard
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for Defendant

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Kenneth D. Haynes
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

Priscilla Black Duncan
P.B. DUNCAN & ASSOCIATES
472 South Lawrence Street, Suite 204
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the 8th day of January, 2008.

                                              s/ Rick A. Howard
                                              OF COUNSEL